UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1,   DERRICK ARMSTRONG,
D-20,  AARON ROBERT SCHWARTZ,
D-22,  VINCENT WYNN,

    Defendants.

_____/

Case No. 06-20663
Hon. AVERN COHN

# ORDER DENYING
# DEFENDANTS' MOTIONS TO DISMISS THE INDICTMENT

### I.

This is a criminal case. Defendants Derrick Armstrong, Vincent Wynn and Aaron Robert Schwartz have moved to dismiss the indictment on the grounds that

- Count Two of the indictment alleges multiple conspiracies
- Count Two of the indictment fails to state an offense.

The motions are DENIED. The reasons follow.

### II.

An indictment must include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States

v. Hudson, 491 F.3d 590, 592-94 (6th Cir. 2007) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974), citing United States v. Vanover, 888 F.2d 1117, 1121 (6th Cir. 1989)). The Court is constrained to observe that defendants' arguments are really an attack on the evidence against them, not the language in the indictment itself.

III.

Count Two charges Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. §§1956(a)(1)(A)(I), 1956(a)(1)(B)(I), 1956(a)(1)(B)(ii) and 1956(a). The count appropriately alleges a money laundering conspiracy. It says 18 individuals agreed with each other to launder monetary instruments. Central to the conspiracy were the Flenory brothers, and their activities were central to the involvement of all the co-conspirators. The several paragraphs detailing the acts of the various conspirators describe a variety of acts designed to advance the conspiracy. Whether there was a single conspiracy or more than one conspiracy is a question of fact for the jury properly instructed. See United States v. Maldenaldo-Rivera, 922 F.2d 934, 962-63 (2d Cir. 1990).

Additionally, the decision in United States v. Santos, ___ U.S. ___, 128 S.Ct. 2020 (2008), holding that on the facts of the case the term "proceeds" in the statute should be interpreted to mean "profits," does not change the rule that an indictment is sufficient if it tracks the language of the statute. United States v. Carll, 105 U.S. 611 (1882). Whether or not the jury instructions should state that the term "proceeds" means "profits" is for another day. See United States v. Thompson, No. 06-CR-123, 2008 WL 2514090 (E.D. Tenn. June 19, 2008).

SO ORDERED.

Dated: November 19, 2008      s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 19, 2008, by electronic and/or ordinary mail.

                         s/Julie Owens
                         Case Manager, (313) 234-5160